IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRACY M. BOURGE                                                                               PLAINTIFF

vs.                                       Civil No. 2:10-cv-02185

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Tracy Bourge ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 3.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed applications for DIB and SSI on October 6, 2008. (Tr. 10, 119-128). Plaintiff alleged she was disabled due to kidney and chronic stomach problems, diabetes, ulcers in both legs, and migraine headaches. (Tr. 143). Plaintiff alleged an onset date of September 26, 2008. (Tr. 143). These applications were denied initially and again upon reconsideration. (Tr.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

53-66). Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 67).

Plaintiff's administrative hearing was held on January 4, 2010, in Fort Smith, Arkansas. (Tr. 22-46). Plaintiff was present and was represented by counsel, Keith Blithe, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Monnie Lumpkin, testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a Masters Degree in Education. (Tr. 27).

On May 12, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 10-17). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 26, 2008, her alleged onset date. (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the severe impairments of type II diabetes mellitus and morbid obesity. (Tr. 12, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform light work except she cannot climb ladder, ropes, and scaffolds, but can occasionally climb ramps and stairs. *Id.* Further, the ALJ found Plaintiff could occasionally balance, stoop, kneel, crouch, and crawl. Also, Plaintiff could have no more than moderate exposure to

heights and intended machinery.  *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr.16, Finding 6).  The ALJ determined Plaintiff's PRW included work as a preschool director, preschool teacher, elementary school teacher, junior high teacher, and cashier/checker. (Tr. 16).  Based upon her RFC, the ALJ determined Plaintiff would be able to perform this PRW.  *Id.*  The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from September 26, 2008 through the date of her decision.  (Tr. 17, Finding 7).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 115).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-6).  On December 3, 2010, Plaintiff filed the present appeal. ECF No. 1.  The Parties consented to the jurisdiction of this Court on December 17, 2010. ECF No. 3.  Both Parties have filed appeal briefs.  ECF Nos. 9-10.  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

3

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9 at 8-15. Specifically, Plaintiff claims the ALJ erred in evaluating her RFC. In response, the Defendant argues the ALJ did not err in any of her findings. ECF No. 10.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform light work except she cannot climb ladder, ropes, and scaffolds, but can occasionally climb ramps and stairs. Further, the ALJ found Plaintiff could occasionally balance, stoop, kneel, crouch, and crawl. Also, Plaintiff could have no more than moderate exposure to heights and "untended machinery." (Tr. 13, Finding 5).

Plaintiff argues the ALJ erred in finding an RFC of light work because it is inconsistent with the non-examining stage agency physician's finding of an RFC of sedentary work. ECF 8, Pgs. 8-11. On December 1, 2008, Dr. Jim Takach, a non-examining state agency physician completed a Physical Residual Functional Capacity Assessment form. (Tr. 260-267). Dr. Takach found Plaintiff capable of performing sedentary work. (Tr. 261). Dr. Takach indicated Plaintiff could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; but could never climb ladders, ropes, and scaffolds. (Tr. 262). Dr. Takach also found Plaintiff should avoid even moderate exposure to hazards such as machinery, and heights. (Tr. 264). The ALJ included Dr. Takach's postural and environmental limitations in her RFC determination, however, she gave little weight to Dr. Takach's determination that Plaintiff could perform only sedentary work because she found it inconsistent with the objective evidence of record. (Tr. 15).

To begin with, Dr. Takach is a non-examining physician, and as such his opinion is entitled to little weight. (Tr. 260-267). *See Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004) (Opinions of non-examining state agency consultants are entitled to little weight in evaluating disability). Also, the ALJ properly found Dr. Takach's opinion was inconsistent with the opinion of Plaintiff's treating physicians, Dr. William Griggs and Dr. David Staggs. As the ALJ noted, Dr. Takach did not account for Dr. Griggs' records which showed Plaintiff stopped having trouble with peripheral neuropathy

6

nearly two years before the alleged onset date of disability. (Tr. 15-16, 434). Dr. Takach's opinion was also inconsistent with Dr. Staggs' report of October 15, 2008, which found Plaintiff's neuropathy was not a problem. (Tr. 16, 253).

Plaintiff also argues the ALJ erred in by not including Plaintiff's use of a cane in her RFC determination. ECF 8, Pgs. 11-13. The medical evidence of record at the time of the ALJ's decision doe not support Plaintiff's testimony that Dr. Staggs suggested she use a cane for ambulation. (Tr. 30). The only medical record mentioning Plaintiff's use of a cane was submitted to the Appeals Council after the relevant time period in this case. (Tr. 485). The record, dated July 7, 2010 from Dr. Staggs, indicated Plaintiff's gait was a little unsteady and she was walking with a cane. (Tr. 486). *See Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997) (Additional evidence showing a deterioration in Plaintiff's condition after the Commissioner's final decision is not a material basis for remand, although it may be grounds for a new application). Additionally, the ALJ accounted for Plaintiff's physical limitations when she limited Plaintiff to light work, and stated Plaintiff could never climb ladders, ropes, or scaffolds; and could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. (Tr. 13-14, Finding 5).

Finally, Plaintiff argues the ALJ erred in her RFC determination by not properly considering her obesity. ECF No. 8, Pgs. 13-15. According to Plaintiff, she is 5'5" and her weight in excess of 250 pounds. ECF No. 8, Pg. 14.

In this matter, the ALJ did in fact consider Plaintiff's obesity and found Plaintiff's obesity was a severe impairment. (Tr. 12, Finding 3). However, there is no indication that Plaintiff's obesity resulted in limitations greater than those assessed by the ALJ in her RFC determination. Further, it is significant that the record evidence shows Plaintiff worked for years with her obesity.

7

Medical records from September of 2002, show Plaintiff weighed in excess of 293 pounds while being employed as an elementary school teacher. (Tr. 422).  Finally, Plaintiff did not allege obesity to be one of her disabling conditions.  (Tr. 143). *See Anderson v. Barnhart*, 344 F.3d 809, 814 (8th Cir. 2003) (noting that the claimant never alleged any limitation of function due to his obesity in his application or at the hearing, and thus he waived his claim that the ALJ failed to consider his obesity as an impairment).

Plaintiff has the burden of establishing her claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **14th day of February, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE